IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JORGE MUNOZ and RICARDO MUNOZ** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **LA TAPATIA RESTAURANT INCORPORATED and GISELA LOZANO, individually,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Jorge Munoz and Ricardo Munoz, by and through their attorneys, for their Complaint against La Tapatia Restaurant Incorporated and Gisella Lozano state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. The lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one half times their regular rate for all hours worked over 40 in an individual workweek and for unlawfully denying Plaintiffs their pay for their last week of work.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to

Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

4.   Plaintiffs Jorge Munoz and Ricardo Munoz reside in and are domiciled in this judicial district.

5.   Plaintiffs are former employees of Defendants. They performed non-exempt work for the Defendants.

6.   Defendant La Tapatia Restaurant Incorporated is a restaurant doing business within this judicial district. Defendant La Tapatia Restaurant Incorporated is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.   Defendant La Tapatia Restaurant Incorporated was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2.

8.   Defendant Gisela Lozano is the President of La Tapatia Restaurant Incorporated and is involved in the day-to-day business operation of La Tapatia Restaurant Incorporated. Among other things, Defendant Gisela Lozano has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and she has the authority to participate in decisions regarding employee compensation and capital expenditures.

9.   Defendant Gisela Lozano was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3 and the IWPCA, 820 ILCS 115/2..

10.   Upon information and belief, Defendant Gisela Lozano resides and is domiciled

in this judicial district.

## FACTUAL ALLEGATIONS

11. Defendants operate a Mexican food restaurant in Joliet, Illnois.

12. Plaintiffs worked as a cooks for the defendants. In addition to preparing meals for Defendants' customers, Plaintiffs were required to wash dishes.

13. Plaintiffs consistently worked over 40 hours per week while employed by the Defendants, but were never paid overtime wages at a rate of one and one half times their regular rate.

14. Defendants had a practice of paying Plaintiffs in cash for all hours worked.

15. Defendants refused to pay Plaintiffs for their last week of work.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

16. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs.

17. Plaintiffs worked for Defendants and were "employee(s)" of the Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

18. Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Plaintiffs were directed by Defendants to work, and did work, in excess of 40 hours per week.

21. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they are entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

22. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

23. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work performed in excess of 40 hours per week.

25. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

26. Defendants violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiffs worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

28. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

29. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

30. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

31. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

32. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

34. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Unpaid Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

35. This Count arises from Defendants' violation of the FLSA for its failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

36. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs at the federally mandated minimum wage for all the hours they worked.

37. Plaintiffs were entitled to be paid the federal minimum wage for all time worked.

38. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

39. Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of unpaid minimum wages for all hours that Plaintiffs worked in their final week of work for Defendants;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiffs are found to be due and owing;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Unpaid Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

    40.    This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff state-mandated minimum wages for all time they worked.

    41.    During the course of their employment with Defendants, Plaintiffs were not compensated at the Illinois minimum wage rate.

    42.    Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

    43.    Defendants failed to pay the Illinois minimum wage for all time worked.

    44.    Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

    45.    Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

    WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This count arises from Defendants' violation of the IWPCA for Defendants' failure and refusal to pay Plaintiffs their earned wages for their last week of work for Defendants.

47. Plaintiffs were not compensated for the hours they worked in their last week of employment with the Defendants.

48. Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages, as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 20, 2013      **JORGE MUNOZ and RICARDO MUNOZ**

By: /s/Carlos G. Becerra
   One of Plaintiffs' Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (773)890-7780
E-mail: cbecerra@law-rb.com